*Ripley* for appellant.

---

## MORGAN vs. HIS CREDITORS.

MARTIN, J. delivered the opinion of the court. Morgan an appealing creditor, claims payment and distribution of the separate estate of the insolvent, before the creditors of the firm of Morgan, Morgan, Dorsey & Co. of which the insolvent was a member.

Partnership debts must be paid out of the partnership estate, and private and seperate ones out of the private and seperate estate of the individual partner.
Partnertship editors, unable

MORGAN
*vs.*
HIS CREDITORS.

to obtain payment of the partnership estate, cannot resort to the private and seperate estate till private and separate creditors are satisfied.

He claims two distinct debts.

1. The first of $72,613,17 cents, is the amount of the five bonds executed by the insolvent in Philadelphia, on the 13th of September, 1824, bearing interest at the rate of six per cent. from the first of January following.

2. The second of $25,000, is the amount of a promissory note of the insolvent, subscribed in Philadelphia, in the month of October, 1825; and duly protested in the month of December following; bearing interest according to the law of Pennsylvania, at the rate of six per cent. per annum, from the date of the protest.

The appellants claim, as to the first debt, was sustained; but the district court denied him any preference on the separate estate, over the creditors of the firm, in regard to the second debt.

The syndics and appellees, claim the reversal of the judgment in *toto*.

1. As to the first debt, they insist that the obligation of a contract settles the right of the parties; the estate of the debtor represents his person, and is pledged for the performance of his obligations. *C. Code* 2089, **3152**.

If the appellant claims a privilege in pre-ference, he must produce a law which authorises it.

2. As to the second: The note was an accommodation paper, taken up and holden by C. Price & Morgan; of which firm the appellant is a member. They were not creditors for the whole amount, but only for the sum actually paid by them as endorsers for the insolvent.

The counsel for the appellant has replied, that the articles of the new code relied on by the appellees, have no particular bearing on the first debt. The 289th, introducing no new principle; the 3152d, being inapplicable; because the debt under consideration was contracted before the adoption of the new code.

The appellant's counsel does not deny that the creditor of an obligation *in solido*, may apply to any one of the debtors he pleases, without the debtor having the right to plead the benefit of division in 2089th art.; but he contends that partnership debts must be paid out of the partnership estate; and the private or seperate debts, out of the private or seaprate estate; and that the partnership creditors who

are unable to obtain payment out of parner-ship estate, cannot resort to the separate or private estate, till its particular creditors are satisfied.

This principle, first acknowledged by the Roman law, was adopted by the jurisprudence of Spain, and makes a part of that of England, and that of the United States.

*Si plures habuit servus creditores sed quosdam in mercibus certis, an omnes in iisdem confundendi erint et omnes in tributum vocandi; ut putes sagariam et linteariam et seperatos habuit creditores ? Puto eos separatim in tributum vocari, unusquisque eorum merci magis quam ipse credidit.* Ff de Tribut. act. 1. et si plures.

*Sed si duas tabernas ejusdem negotiationis exrcuit, et ego fui tabernæ, v. g. quod ad Boxinum habuit raciocinator, alios ejus quam trans Tiberim, equissimum puto separatim tribution em faciendam; ne ex alterius re mercciuq alii indemnes fiant, alii damnum sentiant.* Id. b. 5.

*Teniendo el deudor varias negotiationes y por ellas acreedores personales, los de una no tienen accion a pedir contra los bienes de la otra, hasta que los de esta sean satisfechos, y solo pueden pretender su eredito del sobrante; por-*

*que cada uno se considera mas acreedor en aquella que en la persona del deudor. 7 Febrero, ad. 2. 3. 3. D. 2.*

*Et quando sunt diversæ negotiationes non veniunt omnes creditores, communiter ad omnia: Sed quislibet in suam negotiationem. Quod non est in aliis ereditoribus qui non contraxerunt ratione negotiationis: nam illi possunt ire ad quacumque bona, ut declarat hæc Paul. de Cart. in dicta § Si plures, et tene ista menti; Greggorio Lopez on Partida, 6, 14, 11.*

Merlinus teaches that the conclusion is the same, whether the negotiations be of different kinds of merchandise; 2. or of the same kind; 3. where the negotiations of the same, are of different kinds of merchandise be carried on in different parts of the same town; or 4. in different towns or provinces. *De Pignoribus, 557, 4, 1, Quest. 13, 1, Casaregis, 140, Dist 39, n. 18, 20. Voet, ad Pandect, 14, 4, 26, 7 & 8.*

*Si un deudor tiene dos or mas negotiationes los acreedores de una de estas han de ocurir a cobrar de los bienes de ella, sin poder hacerlo de los de la otra; sino en lo que sobrare, pagados los acreedores de ella; porque cada acreedor se creye mas en la negociacion en que lo fue,*

*para serlo, que en la persona del deudor; lo qual no es en los demas acreedores, que non contraxeron por ocasion de negociation; los quales pueden ocurir a cobrar de qualesquiera henes del dendor.   Y lo mismo teniendo una sola negociacion aunque ocurran los acreedores de ella; ú otros qualesquiera, porque no se creyeron mas en ella, que en la persona del deudor.  Cur. Phil. Prelacion, n. 59 & 60, 2, Cur. Phil. Ill. 395, n. 58, 59.*

*Quando quis habet plures negotiationes, quilibet creditor debitum suum de illa negotiatione, cui credit, petat nam videtur illi negotiatione credidisse et sic quasi separationis bene beneficium hic habetur.   2, Bruneman, 768.*

The Civil Code 1808, has made no alteration in this part of the Spanish law.

In the United States and in England, it is true, where there is no insolvency, the separate creditor of a partner may levy his execution against the estate of his debtor, on any part of the partnership estate : but in case of bankruptcy, the partnership estate is first applied to partnership debts.  *Com.* 368 and 406 ; *Hovenden's Supplement to Vesey, in* 1 *Vesey vol* 236, *Hankey* vs. *Garrett, no.* 3 & 4. *Hammond's Equity Digest,* 150,

158, 2 *Day's Com*, 161—3, 3 *Vesey, vol.*
341, *Chitty's Com. Law*, 254, 6 *Martin*,
699, *Desse's* vs. *Plantin's Syndics, Dessain-sure.*

From the above authorities, we conceive the district judge did not err, in supporting the appellant's claim on the first debt.

II. On the second, the inquiry is, whether the new code, which was promulgated a few months before the note on which the claim rests was executed, has altered the old law.

The new code expressly recognizes the right of partnership creditors, to be paid out of the partnership estate, by preference to the private or separate creditors ; 2794,— but it also provides, that privilege can be claimed only for those debts to which it is *expressly* granted by the code ; 3115.

Perhaps we might deduce, as a corollary from the principle recognised in the 2794th article, that, as partnership creditors exclude separate ones from the partnership estate, the latter must exclude the former from the separate ; but this would be a distinction by *implication*, and the 3152d article rejects ev-

Eastern District.
*February*, 1830.

MORGAN
*vs.*
HIS CREDITORS.

ery privilege not *expressly* recognised by the code.

It is true, at the time the new code was adopted, the legislature contemplated the formation of a Code of Commerce ; they frequently refer to it in the Civil Code, and expressly declare that its provisions will be paramount to those in the Civil. How far the commercial law of the country as existing at the period of the adoption of the Civil Code, is to control the provisions of the latter till the enactment of the contemplated Code of Commerce, need not be inquired into in this case. Had the new code been absolutely silent on the distribution of of the property of persons engaged in commercial partnerships, in case of insolvency, we might conclude they have left the matter to be regulated by the pre-existing provisions. But they have acted on the subject : they have given a privilege to creditors of a partnership, on the partnership estate ; have, by a general clause, abolished the privilege of separate creditors of a partner, on his separate estate. It is our duty to conclude, that the legislature has acted on the whole subject, in the Civil Code, and left

nothing in this particular, to be regulated by the commercial law

MORGAN
*vs.*
HIS CREDITORS.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

*Hennen* for plaintiff, *Eustis* for defendants.